**In re TELEMARK MANAGEMENT COMPANY, INC., The Telemark Company, Inc., Telemark Land Company, Inc., Historyland, Incorporated, Thaw, Inc., Wisconsin Corporations, d/b/a Telemark Enterprises, Debtors.**

**Bankruptcy Nos. EF7–81–00747 to EF7–81–00751.**

United States Bankruptcy Court, W.D. Wisconsin.

Nov. 7, 1984.

See Also, Bkrtcy., 43 B.R. 579.

William A. Adler, Adler & LaFave, Eau Claire, Wis., for Telemark Lodge Owners Assn.

Lawrence J. Kaiser, Eau Claire, Wis., trustee.

Stephen H. Cohen, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for trustee.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDERS (1) DENYING MOTION TO VACATE (2) EXTENDING TIME TO ACCEPT OR REJECT (3) DENYING MOTION FOR SANCTIONS

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Telemark Lodge Owners Association (TLOA), by Adler & LaFave, having filed a Motion to Vacate; and Trustee Lawrence J. Kaiser, by Robins, Zelle, Larson & Kaplan, having filed a Motion for Order for Exten-

sion and a Motion for Order Sanctioning; and a hearing having been held; and TLOA appearing by Attorney William A. Adler; and the Trustee appearing in person and by Attorney Stephen H. Cohen, the Court, being fully advised in the premises, FINDS THAT:

1. On May 17, 1984, this Court, 41 B.R. 501, converted the above captioned bankruptcy proceeding from Chapter 11 reorganization of the Bankruptcy Code to Chapter 7 liquidation of the Bankruptcy Code. (Conversion constitutes an order for relief. 11 U.S.C. sec. 348(a).)

2. On July 12, 1984, this Court entered an Order extending the time for the Trustee to assume or reject executory contracts until September 14, 1984.

3. On September 10, 1984, the Trustee commenced an adversary proceeding against other parties with an interest in the Telemark Lodge—including members of the Telemark Lodge Owners Association (TLOA). The Trustee alleged, *inter alia,* that:

> In 1978 the TLOA entered into a contract agreement with Telemark Management Company, Inc., entitled the Lease and Management Agreement, on behalf of defendants herein or their predecessors in interest. That agreement provided that Telemark Management Company, Inc. would assume certain duties and obligations that the tenants would otherwise have had under the Uniform Lease Agreement. Said Lease and Management Agreement is an Executory Agreement within the meaning of the Bankruptcy Code.

The Trustee prayed that the Court would:

> 1. Enter a declaratory judgment adjudging and ordering that Lawrence J. Kaiser, Trustee of Telemark Land Company, Inc., is owner of the [Telemark Lodge], including each of the one hundred ninety-nine (199) Condominium Units and the Common Areas and Facilities in their entirety.
>
> 2. Enter a declaratory judgment that the defendants are tenants and/or possessors of leasehold interest in the [Telemark Lodge] and do not own said premises or portion thereof.
>
> 3. Enter a declaratory judgment declaring that the defendants named herein are bound by the terms of the Uniform Lease Agreement, attached as Exhibit B, should the Trustee Lawrence J. Kaiser decide to reject the Lease and Management Agreement.

Complaint for Declaratory Judgment, *Kaiser v. Allison, et al.,* Adv. No. 84–214–7 (Bankr.W.D.Wis. filed Sept. 10, 1984).

4. On September 11, 1984, this Court entered an Order extending the time for the Trustee to assume or reject executory contracts until November 13, 1984.

5. On September 20, 1984, TLOA filed a Motion to vacate this Court's September 11 Order. TLOA supported the Motion by arguing that this Court was without jurisdiction to extend the time for the Trustee to assume or reject.

6. On October 18, 1984, the Trustee filed a Motion to extend the time for the Trustee to assume or reject executory contracts until further order of this Court. The Trustee supported the Motion by arguing that he can not make an informed decision whether to assume or reject its agreement with TLOA until the *Kaiser v. Allison, et al.* matter is resolved.

7. On the same day the Trustee filed a Motion for an order sanctioning TLOA for the September 20 Motion, Paragraph 5 *supra.* The Trustee supported the Motion by arguing that TLOA's motion was not based upon a reasonable inquiry and examination of bankruptcy law.

### Discussion

### Jurisdiction

8. *11 U.S.C. sec. 365.* Under Section 365(d)(1), "if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected."

9. TLOA relies upon the language of Section 365(d)(1) to argue that this Court has no authority, after 60 days after the order for relief, to extend the time for the Trustee to assume or reject. *See* 73 Am. Jur.2d *Statutes* sec. 211 (1974) (*expressio unius est exclusius alterius* ).

10. While " '[t]he starting point in every case involving construction of a statute is the language itself' ", the "ascertainment of the meaning apparent on the face of a single statute need not end the inquiry." " '[S]tatutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.' " *Watt v. Alaska,* 451 U.S. 259, 265–266, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981) (citations omitted).

11. The only function of a corporate Chapter 7 proceeding is to liquidate the debtor's assets in a commercially reasonable fashion and equitably distribute the proceeds of that liquidation to the corporate creditors. *See* 11 U.S.C. sec. 704(1) (duty of the trustee to collect, liquidate and distribute bankruptcy estate). *Cf.* 11 U.S.C. sec. 727(a)(1) (corporate debtor may not receive discharge).

12.

[Section 365(d) ] places time limits on assumption and rejection. In a liquidation case, the trustee must assume within 60 days, (or within an additional 60 days, if the court, for cause, extends the time) [1]. If not assumed, the contract or lease is deemed rejected.... This provision will prevent parties in contractural or lease

relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 348 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6304; S.Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5845.

13. Section 365(d)(1) strikes a balance between the trustee (who is obligated to liquidate the estate in a commercially reasonable manner) and other parties to estate executory contracts (who are entitled to receive a prompt resolution of their rights and remedies): The trustee must act to assume, reject or request an extension within 60 days of the order for relief. If there is "cause", *i.e.* the trustee can not make an informed determination of the best interests of the estate within 60 days, the Court is empowered to grant an extension for such time as is required. (The other party to the contract is not without remedies during this period. *E.g., see* 2 L. King, *Collier on Bankruptcy* para. 365.-03[2] (15th ed. 1984) ("... the court may order the trustee ... to pay a reasonable sum to be treated as payment for use ... in the event the lease is rejected, or, on account of rent, in the event the lease is adopted").)

14. Reading Section 365(d)(1) to prohibit an extension of the original extension would lead to absurd results: A trustee making a good faith request for a brief extension would be punished if future

---

**1.** (by this Court) The Commission on the Bankruptcy Laws of the United States proposed "The Bankruptcy Act of 1973" which provided, in part:

> *Section 4–602. Executory Contracts and Unexpired Leases.*
> *(a) Assumption or Rejection....*
> (1) In a [liquidation case] an executory contract or unexpired lease is rejected if the trustee does not assume it within 60 days after the date of the petition or within such further period of time, not exceeding 60 days, as the administrator may indicate by notice to the other party given within the first 60-day period.

H.R.Doc. No. 93–137, 93d Cong., 1st Sess., Part II 152–153 (1973). While the House and Senate Reports, set forth in the text, also refer to a total 120-day limit on a trustee's power to assume or reject, the bills which those Reports accompanied did not contain limiting language—in fact, the relevant provisions of those bills were enacted, without amendment, as 11 U.S.C. sec. 365(d)(1). H.R. 8200, 95th Cong., 1st Sess., sec. 365(d)(1) (1977); S. 2266 95th Cong., 2d Sess., sec. 365(d)(1) (1978).

To the extent that the law, as enacted, grants the court wider discretion than originally suggested by the Commission and the Reports, it appears that Congress intended that the facts of each case be determinative of the proper time to force assumption or rejection. *Cf. Theatre Holding Corp. v. Mauro,* 681 F.2d 102, 105 (2d Cir.1982) (under 11 U.S.C. sec. 365(d)(2)).

**626**

events proved the extension too short. Accordingly, trustees would be encouraged to request the longest arguable period—and the statutory goal of prompt resolution of the status of executory contracts would suffer. Because any fixed period may prove too short, a prudent trustee would seek an extension "until further order of the court"—turning the statute inside-out and shifting the burden to act to the other executory contract parties.

■ 15. When the apparent meaning of a statute produces results plainly at variance with the legislative policy, this Court must follow the legislative policy. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 399–400, 86 S.Ct. 852, 856–857, 15 L.Ed.2d 827 (1966).

■ 16. The inference is inescapable that Congress did not, by enacting Section 365(d)(1), mean to preclude a Bankruptcy Court from granting, after 60 days after the order for relief, an extension of the time for the trustee to assume or reject executory contracts. (The cases cited by TLOA are inapposite to the extent that they hold that Section 365(d)(1) precludes, absent equitable circumstances, a *revival* of an executory contract after the period to assume or reject expires. *E.g. In re Northwoods Industries, Inc.*, 25 B.R. 210 (Bankr.W.D.Wis.1982).)

17. To say that Section 365(d)(1) does not preclude this Court from acting is not to say that this Court has authority to act.

18. *Bankruptcy Rule 9006(b).* Under Fed.R.Bankr.P. 9006(b)(1), "when an act is required ... to be done ... within a specified period ... by order of court, the court for cause shown may ... order the period enlarged if the request therefor is made before the expiration of the period ... as extended by a previous order ..."

19. However, Bankruptcy Rules do not affect Bankruptcy Court jurisdiction. Fed.R.Bankr.P. 9030. *See* 28 U.S.C. sec. 2075 (1984) (clause 2: "rules shall not ... enlarge ... any substantive right"); *compare* 28 U.S.C. sec. 2075 (1976) (clause 4: rules supersede prior law) *with* 28 U.S.C.

sec. 2075 (Supp. II 1978 & 1984) (clause 4 deleted). *Cf.* Fed.R.Bankr.P. 9006(b)(2) & (3) (Rule 9006(b)(1) does not apply to certain *rules* ).

■ 20. *11 U.S.C. sec. 105(a).* Under Section 105(a), this Court "may issue any order ... that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

21. An order to extend, for cause, the time for the Trustee to assume or reject executory contracts may be necessary and appropriate to carry out the provisions of the Bankruptcy Code.

22. In the absence of an expression of contrary legislative intent, this Court will not imply a limitation on its Section 105(a) powers. *Cf. Memphis Bank & Trust Co. v. Brooks*, 10 B.R. 306, 308 (W.D.Tenn. 1981) (bankruptcy court may issue stay order after the 11 U.S.C. sec. 362(a) automatic stay has expired).

*Merits*

23. Until a final decision is made regarding the legal relationship of the estate of the Debtors to other parties with an interest in the Telemark Lodge, the Trustee can not make a meaningful judgment regarding any contracts or leases with those parties.

24. Even if its agreement with the Trustee were assumed or rejected earlier, TLOA and the parties it represents would be left in doubt regarding their status vis-a-vis the estate until the *Kaiser v. Allison, et al.* matter is resolved.

25. Accordingly, there is cause to extend the time to assume or reject until after a final judgment in *Kaiser v. Allison, et al.*

*Sanctions*

26. This Court's discussion of the issues raised by TLOA demonstrates that the TLOA Motion to Vacate was not frivolous, unreasonable or vexatious.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction to extend, for cause, the time for the Trustee to assume or reject executory contracts.

2. There is cause to extend said period until 30 days after a final judgment in the *Kaiser v. Allison, et al.* adversary proceeding.

3. There is no merit to the Trustee's Motion for sanctions and costs.

## ORDERS

IT IS ORDERED THAT Telemark Lodge Owners' Association Motion to Vacate be, and the same hereby is, DENIED, without costs.

IT IS FURTHER ORDERED THAT the time for the Trustee to assume or reject executory contracts be, and the same hereby is, EXTENDED until 30 days after a final judgment in *Kaiser v. Allison, et al.*, Adv. No. 84–214–7 (Bankr.W.D.Wis.).

IT IS FURTHER ORDERED THAT the Trustee's Motion for sanctions and costs be, and the same hereby is, DENIED, without costs.