In re McGOVERN AUTO
SPECIALTY, INC., Debtor.

KAY AUTOMOTIVE WAREHOUSE,
INC., Plaintiff,

v.

McGOVERN AUTO SPECIALTY,
INC., Defendant.

Bankruptcy No. 84–01471G.
Adv. No. 84–1594G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 5, 1985.

Albert C. Braslow, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for plaintiff, Kay Automotive Warehouse, Inc.

Robert C. Perry, Philadelphia, Pa., for debtor/defendant, McGovern Auto Specialty, Inc.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for debtor/defendant, McGovern Auto Specialty, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The essence of the instant dispute, arising under a creditor's complaint for a determination of the validity and priority of a security interest, is whether a financing statement erroneously denominating the debtor as "McGovern Auto & Truck Parts, Inc." rather than "McGovern Auto Specialty, Inc." is seriously misleading under 13 Pa.Cons.Stat. § 9402 of the Uniform Commercial Code ("UCC") of Pennsylvania so as to render the security interest ineffective against the debtor in possession. On the basis of the facts educed at trial, we conclude that the error is seriously misleading and that the creditor's security interest is subordinate to the debtor's interest in the collateral.

We outline the facts of this controversy as follows:[1] Prior to the debtor's filing of a petition for reorganization under chapter 11 of the Bankruptcy Code, the debtor granted Kay Automotive Warehouse, Inc. ("Kay"), a security interest in various personalty. Both the security agreement and financing statement supporting the encumbrance erroneously listed the debtor's name as "McGovern Auto & Truck Parts, Inc.," rather than "McGovern Auto Special-

ty, Inc.," causing the financing statement to be indexed in the state and county UCC files under the inaccurate name. Kay failed to prove that an ordinarily prudent person searching through the UCC index would be reasonably likely to discover the listing for "McGovern Auto Specialty, Inc." if he were searching for "McGovern Auto & Truck Parts, Inc." Kay likewise failed to prove that such a searcher who finds the former listing is, or should be, on notice that he must make reasonable inquiry to establish that the two entities are not the same.

■ Article 9 of Pennsylvania's UCC "sets out a comprehensive scheme for the regulation of security interests in personal property and fixtures." 13 Pa.Stat.Ann. § 9101 comment (1972) (Purdon 1984). As stated in *In Re Kalamazoo Steel Process, Inc.*, 503 F.2d 1218, 1221 (6th Cir.1974):

> The drafters of the Uniform Commercial Code adopted a system of "notice filing," M.C.L.A. § 440.9402, Official UCC Comment 2. The filing provisions do not require a complete description of the security agreement but rather only require facts sufficient to put concerned parties on notice to inquire further. The purpose of such filing is to give notice to potential future creditors of the debtor or to purchasers of the collateral.

*Kalamazoo*, 503 F.2d at 1221. If a secured lender wishes only to protect his security interest against a debtor, as opposed to subsequent secured lenders, the security interest is valid notwithstanding the lender's failure to record the interest. 13 Pa. Cons.Stat.Ann. § 9201; *Bloom v. Hilty*, 210 Pa.Super. 255, 232 A.2d 26 (1967), *rev'd. on other grounds*, 427 Pa. 463, 234 A.2d 860 (1967). Although the only parties to this dispute are the immediate parties to the original secured transaction, the rule of *Bloom* does not apply due to the intervention of federal law on the filing of the petition for reorganization. Under 11 U.S.C. § 544(a) a trustee in bankruptcy is

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

vested with the status and power of a lien creditor who extended credit to a debtor at the commencement of the case and at such time received, in exchange, a judicial lien to secure the loan. A trustee, with this lien creditor status, may avoid an unperfected security interest that was completely valid between the debtor and a creditor. 13 Pa. Cons.Stat.Ann. § 9301 (Purdon 1984), *In Re Kravitz,* 278 F.2d 820 (3d Cir.1960) (construing § 70(c) of the Bankruptcy Act of 1898, the precursor of 11 U.S.C. § 544(a)). Under the Bankruptcy Code the debtor in possession is given all the rights and powers of the trustee and thus may void any unperfected security interest the debtor previously granted. 11 U.S.C. § 1107(a). None of the exceptions to filing the financing statement are present in this case and thus perfection is dependent on the validity of such a filing. 13 Pa.Cons.Stat.Ann. § 9302 (Purdon 1984). Hence, the debtor may avoid Kay's security interest unless it is properly perfected according to the filing provisions of the UCC.

■ Those required to perfect a security interest by filing must submit a financing statement to the appropriate state officials and in certain instances also to county officials. The essential elements of such a statement are outlined in the UCC:

> § 9402. Formal requisites of financing statement; amendments; mortgage as financial statement.
>
> (a) General rule.—A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.
>
> \* \* \* \* \* \*

(h) Effect of minor errors.—A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

13 Pa.Cons.Stat.Ann. § 9402(a) and (h) (Purdon 1984). Section 9402(a) requires that the "names of the debtor" appear on the financing statement. As we stated in a recent case:

> Since UCC financing statements are filed in the recorders' offices in alphabetical order under the [names] of the debtor, the names may be seriously misleading unless a reasonable searcher would find the financing statement or would be put on notice to inquire elsewhere about it.

*Emerson Quiet Kool Corp. v. Marta Group, Inc.* (In Re Marta Group, Inc.), 33 B.R. 634, 639 (Bankr.E.D.Pa.1983). "The creditor must be sufficiently diligent to insure that the name on the financing statement is correct at the time the statement is signed." *Id.* (footnote omitted).

■ The cases adjudicating the effects of improper names on financing statements are legion and they arrive at widely divergent results.[2] The apparent unpredicability of the holding of these cases is often attributable to an insensitivity to the principle that these decisions are—or should be—based on determinations other than the mere discrepancy between two names. The decisions should not be predicated on a sterile and abstract comparison between two names but rather on "whether a reasonable searcher would find the financing statement or would be put on notice to inquire elsewhere about it." *Marta,* 33 B.R. at 639. The disparity in the results in the cases is spawned by a concatenation of factors surrounding the differences in the names rather than a mere "conclusion of law" on the difference between such names. Courts failing to recognize this basis for adjudicating an issue of this sort

---

**2.** *See e.g., In Re Platt,* 257 F.Supp. 478 (E.D.Pa. 1966) (a listing under "Platt Fur Co." was not seriously misleading when name should have been "Henry Platt"); *Huntington National Bank v. Tri-State Molded Plastics, Inc.* (In Re Tyler),

23 B.R. 806 (Bankr.S.D.Fla.1982) (discrepancy between "Tri-State Moulded Plastics, Inc.," and "Tri-State Molded Plastics, Inc.," seriously misleading).

couch the essence of their decision as a "conclusion of law" and ignore the essentially factual nature of the inquiry. Such a method fails to pay proper heed to the factual determination mandated by § 9402(h) on whether the error at issue is "seriously misleading." The resolution of the question cannot be made simply by comparing two names, but must be settled with an eye toward the intended operation of the UCC indexing system in which the errors are manifest. A reasonable searcher properly using the index is looking for the name of the debtor amid a host of similar names. The system may contain hundreds or millions of names, depending on the size of the index. The extent to which a reasonable searcher may correctly identify an erroneous listing as that of the debtor is dependent, of course, on the size of the index. Analogizing the UCC index to a telephone book is apt. Searching under an erroneous name would be much more difficult with the Manhattan phone book than with an eight page phone book for some rural county.

 The question of whether the disparity of names is seriously misleading is likewise dependent on the distinctiveness of the names at issue. If the debtor's name and the spurious name are significantly different from the bulk of the names in the index—for instance, because of the highly stylized name of the debtor or because its ethnicity is in stark contrast with the other listings from that locale—the searcher is more likely to succeed in finding the accurate listing. Furthermore, the type of index in use is a pertinent concern. The "file box" method, the standard bearer of indexing for generations, with drawers full of cards that allowed a searcher to riffle through myriad cards, is becoming outmoded. The vanguard, of course, is the computer retrieval system, which in its simplest form would allow for no "riffling" through related names. The entry of a single name into the system may well cause the computer to cite only those financing statements on which the name is *identical* to the name entered. No similar names would surface. These and a plethora of other factual concerns are imaginable to illustrate the need for a factual record to support a determination of whether an error between names is seriously misleading.

Applying these principles to the case before us, Kay failed to meet its burden of proof that a reasonable searcher looking under "McGovern Auto & Truck Parts, Inc." would uncover "McGovern Auto Specialty, Inc." or would be put on notice that the two names identified the same entity. Since our decision is squarely predicated on a finding of fact, such a determination would appear worthy of withstanding appellate review unless our findings are "clearly erroneous." Bankruptcy Rule 8013; *Frank v. Arnold* (In Re Morrissey), 717 F.2d 100, 104 (3d Cir.1983).

We will accordingly enter an order subordinating Kay's securing interest to the debtor's interest in the collateral and we will deny Kay all relief on its complaint.