In re TERRY PIERSON, INC., Debtor.

BANK OF CARBONDALE, Plaintiff,

v.

TERRY PIERSON, INC., Defendant.

Bankruptcy No. 87–40686.

United States Bankruptcy Court, S.D. Illinois.

April 4, 1988.

**534**

Patrick J. Hewson, Reed, Heller & Mansfield, Murphysboro, Ill., for Bank of Carbondale.

Douglas Antonik, Mt. Vernon, Ill., for debtor-defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by debtor, Terry Pierson, Inc. Debtor's motion was filed in response to a motion for relief from stay filed by the Bank of Carbondale ("Bank"), a creditor claiming a perfected security interest in debtor's property. In its motion for summary judgment, debtor contends that the Bank failed to properly perfect its security interest in that its financing statement was filed under the individual names of debtor's officers rather than under debtor's corporate name and that the Bank was thus an unsecured creditor not entitled to relief from the automatic stay.

On October 1, 1986, debtor executed a promissory note and security agreement with the Bank, granting the Bank a security interest in certain restaurant equipment owned by debtor. The note was signed by Terry Pierson as president of Terry Pierson, Inc. The Bank filed a financing statement with the Illinois Secretary of State, listing the debtors as Terry Pierson and Wayland Sims, individually. The financing statement was signed by Terry Pierson and by "Wayland D. Sims, Sec.–Treas." The address listed under the names of Terry Pierson and Wayland Sims was that of the restaurant in question.

Subsequent to the filing of the Bank's financing statement, debtor's attorney requested a UCC search to be conducted in the name of Terry Pierson, Inc. The search did not reveal the financing statement filed by the Bank under the names of Terry Pierson and Wayland Sims. In an affidavit attached to debtor's motion for summary judgment, an employee of the Illinois Secretary of State's Office stated that a search conducted in the name of a corporate debtor would reveal "only UCC-statements filed in the name of the corporate debtor." The affidavit continued:

The UCC-financing statements filed in the name of the individual Debtor will not appear on the corporate Debtor's search * * *. More specifically, UCC-financing statements filed in the name of the individual Debtor will not be revealed on a UCC-search of a corporate Debtor, even if the only difference from the individual Debtor is an "Inc." after the Debtor's name.

In asserting that the Bank's financing statement was insufficient to perfect the Bank's interest in debtor's restaurant equipment, debtor maintains that the Bank failed to comply with section 9–402(7) of the Uniform Commercial Code (Ill.Rev. Stat., ch. 26, § 9–402(7)), which states the formal requisites for identifying the debtor in a financing statement. Section 9–402(7) provides in pertinent part:

A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or names of partners.

The Illinois Code Comment for section 9–402(7) specifically states:

Where the debtor is incorporated, the name of the corporation should always be used in the financing statement * * *. Ill.Ann.Stat., ch. 26, § 9–402(7), at 283 (Smith–Hurd 1974).

Since the Bank's financing statement here listed Terry Pierson and Wayland Sims, individually, as debtors rather than Terry Pierson, Inc., debtor contends that it was ineffective to perfect the Bank's security interest in the corporate debtor's equipment.

In response to debtor's contentions, the Bank asserts that its financing statement substantially complied with the requirements of section 9–402(7) and that the financing statement was not so seriously misleading as to defeat its security interest. The Bank relies on UCC section 9–402(8), which provides:

A financing statement substantially complying with the requirements of this Section is effective even though it contains minor errors which are not seriuosly misleading. Ill.Rev.Stat., ch. 26, § 9–402(8).

The Bank maintains that because the financing statement "was signed as a corporate document" by Wayland Sims as secretary/treasurer and contained the address of the corporate debtor, it was sufficient to put potential creditors on notice that corporate assets were subject to a prior security interest. The Bank concedes that the UCC search conducted at the request of debtor's attorney did not reveal the financing statement filed in the individuals' names, but asserts that to defeat perfection of the Bank's security interest on the basis of "the [slight] discrepancy between the debtor's name and how it [was] filed with the Secretary of State" would promote form over substance.

■■■ Under the notice filing system of the UCC, a financing statement filed to perfect a security interest in collateral must provide enough information to alert an interested party of a possible prior security interest in that collateral. *In re Swati*, 54 B.R. 498 (Bankr.N.D.Ill.1985). Since financing statements are indexed in the appropriate recording offices according to the names of the debtors, the name under which a financing statement is filed must be sufficiently similar to the debtor's name "so that a reasonably prudent subsequent creditor would be likely to discover the prior security interest." *Id.* at 501.

Despite the essentially factual nature of such an inquiry, *see In re McGovern Auto Speciality, Inc.*, 51 B.R. 511 (Bankr.E.D. Pa.1985), it has been held in a substantial number of cases that a financing statement is defective and insufficient to constitute perfection where the filing is under an entity's name that is legally different from the actual owner even if the names are virtually identical. *See Swati*, 54 B.R. at 501.

In *Matter of Lintz West Side Lumber, Inc.*, 655 F.2d 786 (7th Cir.1981), the court considered whether a financing statement filed in individual names of the principal owners, directors and officers of the debtor corporation was sufficient to perfect the creditor bank's security interest in corporate assets. The court noted that, as a duly constituted corporation, the debtor was a legal entity separate and distinct from the individuals whose names appeared on the financing statement. The court concluded that the bank's failure to include the correct name of the debtor corporation in its financing statement was seriously misleading because subsequent creditors had to depend upon a government official to search state records for the financing statement. The court stated:

A creditor would ordinarily, and could reasonably, assume that *corporate* assets would not be encumbered by a security interest filed under the names of these individuals despite the similarity in the names. Unless a creditor requested a search for the security interest held by others in the [individuals'] personal property, the Bank's security interest would not be found. Under these circumstances, we cannot say that the names of the debtors were sufficiently similar to provide a creditor or official searching the records on behalf of a creditor with reasonable notice of the Bank's security interest. *Id.* at 791. (Emphasis in original.)

Similarly, in *Matter of Hinson and Hinson, Inc.*, 62 B.R. 964 (Bankr.W.D.Pa.1986), the court determined that a financing statement filed in the individual name of a corporate officer rather than in the name of the debtor corporation was seriously misleading where, due to the indexing system

involved, one conducting a search in the corporation's name would fail to find the financing statement filed in the individual name. The court pointed out that since the corporation was a different legal entity from the individual named in the financing statement with different rights and obligations, the financing statement was insufficient to provide notice of the security interest in corporate assets.

The Bank seeks to distinguish *Hinson* from the instant case, noting that the financing statement there was signed by an individual officer with no indication of his corporate capacity whereas, in the instant case, at least one of the individuals, Wayland Sims, signed the financing statement in his corporate capacity as secretary/treasurer. The court in *In re My Place or Yours, Inc.*, 34 B.R. 197 (Bankr.D.Vt.1983), considered a similar issue of whether a financing statement filed in the name of two individuals and signed by one of the individuals in a corporate capacity was sufficient to perfect a security interest executed by the debtor corporation. The court concluded that such a financing statement did not fulfill the "inquiry notice" purpose of section 9–402, as prospective creditors searching the records under the corporation's name would not have found the financing statement filed under the individuals' names and thus would have had no opportunity to examine the signature made in the individual's corporate capacity.

■ This reasoning is equally applicable to the instant case where the financing statement was filed in the names of Terry Pierson and Wayland Sims as individuals and not in the name of the debtor, Terry Pierson, Inc. Because a search of the records in the name of Terry Pierson, Inc. would not reveal the financing statement in issue, the fact that the financing statement was signed in a corporate capacity by one of debtor's officers was insufficient to put potential creditors on notice of the Bank's prior security interest.

The Bank's further contention that its financing statement was sufficient because it contained the address of debtor's business location is likewise without merit.

While the Bank asserts that potential creditors would be on notice that the restaurant equipment was located at debtor's address rather than that of the individuals in question, this argument again presumes that one searching the records would have an opportunity to examine the Bank's financing statement. Since a search in the name of the corporate debtor would fail to reveal the financing statement, information on the financing statement relating to debtor's corporate status would provide no notice of the Bank's interest in the restaurant equipment.

■ The Bank contends finally that because Terry Pierson, Inc. is a "Sub S" corporation wherein profits and losses pass through to the shareholders in proportion to their ownership interest in the corporation, a creditor interested in loaning money to Terry Pierson, Inc. would search the records for any indebtedness of Terry Pierson individually and would, therefore, find the financing statement filed in his name individually. This Court finds no basis for the Bank's contention, as an election to be taxed as a Subchapter S corporation does not affect the status of a corporation as a legal entity. Debtor's separate legal status as a corporation required that potential creditors be apprised of obligations incurred in the corporate name, and the Bank's financing statement filed in the names of the individual shareholders was insufficient for this purpose.

This Court finds distinguishable the case of *In re Central Wisconsin Ag Supply, Inc.*, 36 B.R. 908 (Bankr.W.D.Wis.1983), cited by the Bank in support of its argument that the discrepancy between debtor's name and that listed on its financing statement was not seriously misleading. The secured creditor there had filed its financing statement in the name of "Central Wisconsin Ag Supply Co." rather than in the debtor's correct name of "Central Wisconsin Ag Supply, Inc.," and the court held that the creditor's failure "to properly delineate the debtor's corporation status [was] minor." 36 B.R. at 912. Because of the type of indexing system in *Central Wisconsin*, however, searches conducted in

the debtor's corporate name at various times revealed the financing statement in question, which "was indexed squarely among the filings with the correct corporate designation." 36 B.R. at 912. The court observed that the lack of Inc. "after a decidedly uncommon business name," 36 B.R. at 913, was not so misleading that a creditor,

> with even a modicum of concern for his own security interest, would fail to investigate whether the filing [in question] was against the same debtor. 36 B.R. at 913.

By contrast, it is undisputed that a record search in debtor's corporate name here failed to reveal the Bank's financing statement filed in the individuals' names. Since the financing statement could not be found by conducting a search in debtor's name, there would be no reason for a reasonably prudent creditor to investigate further. It must be concluded, therefore, that the discrepancy between the names in question was seriously misleading and failed to fulfill the requirements of notice filing.

For the reasons stated this Court finds that the Bank's financing statement was ineffective to perfect its security interest in debtor's equipment. The Bank's interest, accordingly, is subordinate to that of debtor, which as debtor-in-possession has the rights and powers of a hypothetical lien creditor under § 544(a). *See* 11 U.S.C. §§ 1107(a), 544(a). The Bank, as an unsecured creditor, is not entitled to relief from stay, *see Swati*, 54 B.R. at 504, and this Court will grant debtor's motion for summary judgment and deny the Bank's motion for relief from stay.

IT IS ORDERED that debtor's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the Bank's motion for relief from automatic stay is DENIED.