In the Matter of ROSE WAY,
INC., Debtor.

STERNCO, INC., Plaintiff,

v.

ASSOCIATES LEASING,
INC., Defendant.

Bankruptcy No. 89–1273–C.
Adv. No. 89–0133.

United States Bankruptcy Court,
S.D. Iowa.

April 25, 1990.

William I. Kampf, Minneapolis, Minn.,
Elizabeth A. Nelson, Des Moines, Iowa, for
plaintiff.

Morris J. Nunn, Kansas City, Mo., Gary
R. Hassel, Des Moines, Iowa, for Associ-
ates Leasing, Inc.

Douglass E. Coy, Minneapolis, Minn.,
Chapter 11 Trustee.

## ORDER—PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RUSSELL J. HILL, Bankruptcy Judge.

On February 15, 1990, a hearing was
held on Sternco, Inc.'s ("Sternco") motion
for summary judgment. The following at-
torneys appeared on behalf of their respec-
tive clients: William I. Kampf and Eliza-
beth A. Nelson for Sternco, and Morris J.
Nunn and Gary R. Hassel for Associates
Leasing, Inc. ("Associates"). At the con-
clusion of said hearing, the Court took the
matter under advisement and the Court
considers the matter fully submitted.

This is a core proceeding pursuant to 28
U.S.C. § 157(b)(2). The Court, upon review
of the pleadings, arguments of counsel,
answers to interrogatories, affidavits and
briefs submitted, now enters its findings
and conclusions pursuant to Fed.R.
Bankr.P. 7052.

### FINDINGS OF FACT

1. On or about August 12, 1987, Rose
Way, Inc. ("Rose Way"), entered into a

truck lease agreement (the "Agreement") with Associates.

2. Pursuant to the Agreement, Associates "leased" to Rose Way ten 1988 Model 377 Peterbilt Tractors and ten 1988 Model 379 Peterbilt Tractors (the "Peterbilts").

3. Certificates of title for each of the Peterbilts were issued by the State of Iowa to Associates. Each certificate lists Associates as "owner," but does not show Associates as holding a security interest.

4. On June 8, 1989, Rose Way filed a petition under Chapter 11 of the Bankruptcy Code.

5. On August 30, 1989, this Court determined that the Agreement is a "lease intended as security" rather than a true lease. Rose Way was ordered to make adequate protection payments to Associates in the amount of $500.00 per month for each of the Peterbilts commencing on September 15, 1989.

6. On September 15, 1989, Rose Way filed the within complaint. Rose Way prayed for a judgment against Associates as follows: 1) finding Associates' security interest to be unperfected; 2) declaring Associates' unperfected security interest to be void; 3) finding that Associates is not entitled to adequate protection; and 4) ordering Associates to return to Rose Way any and all funds paid by Rose Way as adequate protection.

7. On November 13, 1989, Rose Way moved for summary judgment.

8. On December 22, 1989, the Court entered an order approving the U.S. Trustee's appointment of Sternco as trustee in this case. Sternco has been substituted for Rose Way as Plaintiff pursuant to Fed.R. Bankr.P. 2012.

9. Associates has not made a formal cross-motion, but claims that it is entitled to summary judgment and orally requested summary judgment in the February 15, 1990 hearing on Sternco's motion for summary judgment.

10. Sternco and Associates agree that there are no issues of material fact in this adversary proceeding.

## DISCUSSION

### I. *Summary Judgment.*

■ Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, sets forth the standards to be applied by the court in determining whether to grant a motion for summary judgment. Federal Rule of Bankruptcy Procedure 7056 provides, in pertinent part:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment should not be viewed as a disfavored procedural shortcut, but rather as an important method to be used to secure the just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Sternco has filed a motion for summary judgment. Associates has not filed a cross-motion, but contends that it is entitled to summary judgment even though it has not filed a formal cross-motion. The parties agree that there are no issues of material fact. As discussed, infra, the Court finds that Associates is entitled to judgment as a matter of law. Thus, the threshold issue is whether the Court may grant summary judgment for Associates, which has made no formal motion for summary judgment.

The U.S. Bankruptcy Court, District of South Dakota, discussed this issue in a recent case and stated:

When there has been a motion for summary judgment but no cross motion, the court is already engaged in determining whether a genuine issue of material fact exists and the parties have been given an opportunity to present evidence designed either to support or refute the request for entry of such judgment. 10A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure § 2720 (1983).

Granting summary judgment for the non-movant may be proper if both sides agree that there are no issues of material fact. However, the fact that both parties argue that no factual issues exist does not automatically establish that a trial is unnecessary and that the court is empowered to enter judgment. *Id.* See also, *Wermager v. Cormorant Township Board,* 716 F.2d 1211 (8th Cir.1983). The weight of authority suggests that summary judgment may be rendered in the non-movant's favor regardless of the fact that no formal cross motion was made. *Lowenschuss v. Kane,* 520 F.2d 255 (2nd Cir.1975), *Local 33, International Hod Carriers Building and Common Laborers' Union of America v. Mason Tenders District Council of Greater New York,* 291 F.2d 496 (2nd Cir.1961) ("[I]t is most desirable that the court cut through mere outworn procedural niceties and make the same decision as would have been made had defendant made a cross motion for summary judgment." *Id.* at 505). See also cases collected in Wright, Miller and Kane, supra, at Note 20.

*In re Jarrett Ranches, Inc.,* 107 B.R. 969, 971–972 (Bankr.D.S.D.1989).

In the instant case, Associates has not filed a cross-motion but has orally prayed that summary judgment be granted in its favor. Both parties agree that there are no issues of material fact. Therefore, the Court finds that it may grant summary judgment for Associates.

## II. *Avoidance Under § 544(a).*

Section 544(a) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains at such time and with respect to such

credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case whether or not such purchaser exists.

Section 544 empowers the trustee to avoid security interests that are unperfected on the date the bankruptcy petition is filed. See e.g., *In re Stebow Construction Company, Inc.,* 73 B.R. 459 (Bankr.D.N.J.1987); *In re McGovern Auto Specialty, Inc.,* 51 B.R. 511 (Bankr.E.D.Pa.1985).

Sternco asserts that Associates' security interest in the Peterbilts was not properly perfected at the time Rose Way filed its petition and therefore Sternco may avoid Associates' interest pursuant to § 544. The bankruptcy court must look to state law to determine whether Associates was properly perfected. See e.g., *In re Circus Time, Inc.,* 641 F.2d 39 (1st Cir. 1981); *In re Load–It, Inc.,* 774 F.2d 1077 (11th Cir.1985).

The Peterbilts were all titled in Iowa. The Iowa Code thus governs with respect to the perfection of Associates' security interest in the Peterbilts. Its provisions, which are substantially similar to the law of many states, state in pertinent part:

A security interest in a vehicle subject to registration under the laws of this state ... is perfected by the delivery to the county treasurer of the county where the certificate of title was issued ... an application for notation of security interest

signed by the owner.... Delivery as provided in this subsection is an indication of a security interest on a certificate of title for purposes of Chapter 554.

Iowa Code § 321.50(1). The Iowa Code further provides that a financing statement is not necessary or effective to perfect a security interest in property subject to Iowa Code § 321.50. Iowa Code § 554.9302(3)(b).

Associates is listed on each Peterbilt certificate of title as "owner," but the certificates do not contain a notation that Associates has a security interest in the Peterbilts. Sternco asserts that Associates has therefore not properly perfected its security interest in the Peterbilts.

■ A number of courts have addressed the question of whether, under a lease agreement determined to be a security agreement, a certificate of title denominating the "lessor" as "owner," without an express identification of a security interest, constitutes a perfected security interest. The lead case on this issue is *In re Circus Time*, 641 F.2d 39 (1st Cir.1981). See also *In re Load–It, Inc.*, 774 F.2d 1077 (11th Cir.1985); *In re Yeager Trucking*, 29 B.R. 131 (Bankr.D.Colo.1983); *In re National Welding of Michigan*, 61 B.R. 314 (W.D. Mich.1986); *In re Coors of the Cumberland, Inc.*, 19 B.R. 313 (Bankr.M.D.Tenn. 1982).

In *Circus Time*, the First Circuit Court held that where the certificates of title list the secured creditor as owner instead of security holder, the secured creditor adequately perfected its security interest. The First Circuit Court found that the certificates at issue contained only minor errors which were not seriously misleading and therefore substantially complied with the perfection requirements. *Circus Time*, 641 F.2d at 43. As support for its conclusion, the First Circuit Court quoted a leading commentator in this area of law and stated:

> ... [A]n imaginative trustee in bankruptcy ... might seek to cut off the "lessor's" rights in the motor vehicle by arguing that the "lessor" has not perfected its security interest by an indication on the certificate of title.... Returning to the "real world," it is not likely that a court would take such a formalistic and literal approach. After all, the usual purposes of certificate of title acts (e.g., the prevention of theft, fraud, etc.) and the purposes of perfection (public notice of a claimed security interest) are satisfied by a certificate of title held by the lessor in its name—presumably, the "lessee" would not be in a position to mortgage or sell the vehicle without the certificate of title in its name.

*Circus Time*, 641 F.2d at 44 (quoting 1C P. Coogan, W. Hogan and D. Vagts, *Secured Transactions Under the Uniform Commercial Code*. § 29A.04[6], at 2931 [1980]).

In the instant case, the Maine, New Hampshire and Georgia statutes interpreted in *Circus Time* and *Load–It* are substantially similar to Iowa Code § 321.50(1). This Court follows *Circus Time* and *Load–It*, and finds that Associates substantially complied with the perfection requirements of Iowa code § 321.50. Therefore, Associates has a properly perfected security interest in the Peterbilts, not subject to avoidance under § 544(a).

Sternco asserts that *Security Savings Bank of Marshalltown v. United States*, 440 F.Supp. 444 (S.D.Iowa 1977) and *In re DeSchamp*, 44 B.R. 517 (Bankr.N.D.Iowa 1984) provide that a secured party must strictly comply with Iowa Code § 321.50 to obtain the benefits of perfection, and control the instant case. However, *Security Savings Bank* and *DeSchamp* did not involve secured parties who were listed as "owners" on the certificates of title. Therefore, these Iowa cases are not directly applicable, and do not control the instant case.

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes:

1) the Court may grant summary judgment for Associates; and

2) Associates substantially complied with the perfection requirements of Iowa Code

§ 321.50. Therefore, Associates has a properly perfected security interest in the Peterbilts, not subject to avoidance under § 544(a).

IT IS ACCORDINGLY ORDERED that Sternco's motion for summary judgment is denied and the Court grants summary judgment in favor of Associates.

FURTHER, the Defendant, Associates Leasing, Inc., shall have judgment against the Plaintiff, Rose Way, Inc., dismissing the complaint.

LET JUDGMENT ENTER ACCORDINGLY.