**Caroline A. DRAHN, Debtor.**

**Sheryl L. Schnittjer, Trustee, Plaintiff**

**v.**

**Burke Construction Co., Defendant.**

**Bankruptcy No. 08–01197.**
**Adversary No. 08–09103.**

United States Bankruptcy Court,
N.D. Iowa.

April 29, 2009.

Order Denying Motion to Alter or Amend Judgment May 8, 2009.

---

## ORDER RE: COMPLAINT

PAUL J. KILBURG, Chief Judge.

Trial of this matter was held on April 7, 2009 on the Complaint to Avoid Post–Petition Transfer, For Turn Over, and For Other Relief. Plaintiff/Trustee Sheryl L. Schnittjer was represented by Abbe M. Stensland. Defendant Burke Construction Co. was represented by Thomas L. Fiegen. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

### STATEMENT OF THE CASE

Trustee alleges that Debtor's post-petition transfer of a mobile home is void pursuant to 11 U.S.C. § 549 and she is entitled to recover the proceeds of the sale from Defendant Burke Construction Co. pursuant to § 550(a). Burke Construction alleges that it is not required to turn over the proceeds because it is the legal owner of the property entitled to payment in full and the purchase agreement was an executory contract which Trustee failed to assume pursuant to § 365(d)(1).

### FINDINGS OF FACT

Debtor Caroline A. Drahn purchased a mobile home from Burke Construction on October 18, 2006. The agreement executing the transfer of the mobile home was entitled Bill of Sale and Security Agreement (hereinafter the Purchase Agreement) and listed Burke Construction as Seller and Debtor as Buyer (Pl.Ex.1). Pursuant to the Purchase Agreement, Burke Construction retained a security interest in the property. Id. On November 13, 2006, an application for title to the mobile home was filed in Clayton County, Iowa (Pl.Ex. 5 at 2). The title listed Burke Construction as Owner. Id.

Debtor filed her Chapter 7 bankruptcy petition on June 5, 2008. Schedule C lists the mobile home as exempt property with zero value. Debtor sold the mobile home to Linda Jones on June 16, 2008 for $18,000 (Pl.Ex.7). In so doing, Debtor did not seek nor was she given Court authorization to sell the property. Ms. Jones paid Debtor directly. From the proceeds of the sale, Debtor gave Burke Construction $10,761.21 and retained $7,238.79. Burke Construction's owner testified that $9,912.10 satisfied Debtor's remaining obligation to Burke Construction and the remaining $850 was a sales commission. Trustee received notice of the sale from Burke Construction via fax on July 1, 2008. Trustee has not assumed the Purchase Agreement under § 365(d)(1).

### CONCLUSIONS OF LAW

 Four elements must be satisfied to avoid a post-petition transfer under § 549(a): (1) property of the estate; (2) was transferred; (3) post-petition; and (4) the transfer was not authorized by the Bankruptcy Code or the court. 11 U.S.C. § 549(a); *In re Russell*, 927 F.2d 413, 417–18 (8th Cir.1991). The party seeking to validate the transfer has the burden of proof. Fed. R. Bankr.P. 6001.

 Generally, property of the bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a); Fed. R. Bankr.P. 4003(b). In the absence of contrary federal law, interests in property are defined by state law. *Barnhill v. Johnson*, 503 U.S. 393, 399, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

According to Iowa law, a seller who is listed as an owner of collateral merely retains a security interest in the property. Iowa Code § 554.9202; *Davis County Savings Bank v. Production Credit Assoc.*, 419 N.W.2d 384 (Iowa 1988). In Davis

County Savings Bank, two farmers sold equipment to their children under a lease/purchase agreement but retained title in their names. Id. at 386. The court held that the farmers retained a security interest in the equipment, not ownership. *Id.*

Under Iowa law, a security interest in a mobile home is perfected by delivering an application for certificate of title with the security interest listed to the county treasurer where the certificate of title was issued. Iowa Code § 321.50. Most courts hold that listing the lienholder as an owner instead of a lienholder is an effective means of perfecting a security interest. *See In re Rose Way, Inc.,* 113 B.R. 527, 530 (Bankr.S.D.Iowa 1990) (holding that security interest in vehicle is perfected under Iowa law if secured creditor is listed as owner on the title); *In re Circus Time, Inc.,* 641 F.2d 39, 42 (1st Cir.1981) (same, applying Maine and New Hampshire law); *In re Load–It, Inc.,* 774 F.2d 1077, 1079 (11th Cir.1985) (same, applying Georgia law); *In re Nat'l Welding of Mich., Inc.,* 61 B.R. 314, 317 (W.D.Mich. 1986) (same, applying Michigan law). These cases hold that the lienholder substantially complied with the perfection requirements because a third party would be put on notice of the security interest. *Rose Way,* 113 B.R. at 530; *Circus Time,* 641 F.2d at 42. Only one court, in *In re Otasco,* 111 B.R. 976, 994 (Bankr. N.D.Okla.1990), rev'd on other grounds, 196 B.R. 554 (N.D.Okla.1991), has held that being listed as owner on the title does not perfect a security interest. This Court concludes that a secured creditor who is listed as owner on a certificate of title has satisfied Iowa law in perfecting its security interest.

If a trustee successfully avoids a transfer under § 549(a), the trustee may recover the property or the value of the property subject to any senior security interests. 11 U.S.C. § 550(a); *In re Sickels,* 392 B.R. 423, 427 (Bankr.N.D.Iowa 2008) (finding that trustee is entitled to avoid lien but the property remains subject to senior mortgage). Any transfer avoided is preserved for the benefit of the estate but only with respect to property of the estate. 11 U.S.C. § 551. The purpose of § 550 is to return the debtor's estate to the financial condition it would have been in had the transfer not occurred. *Sickels,* 392 B.R. at 426. If the trustee successfully avoids a transfer, the transferee may assert a claim against the estate as an unsecured creditor. 11 U.S.C. § 502(h).

A trustee may assume or reject any executory contract. 11 U.S.C. § 365(a). In a Chapter 7 case, the trustee must assume a contract within sixty days or it is deemed rejected. 11 U.S.C. § 365(d)(1). This time limit provides the trustee with sufficient time to identify the relevant contracts and determine how best to protect the interests of the estate while ensuring that other parties receive prompt resolution of their rights and remedies. In re Telemark Management Co., 51 B.R. 623, 625 (Bankr.W.D.Wis.1984). The Bankruptcy Code does not define executory contract but the Eighth Circuit has commonly utilized the definition proposed by Professor Vern Countryman:

> A contract under which the obligation of both the bankrupt and the other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.

[7, 8] Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L.Rev. 435, 460 (1973); *In re Speck,* 798 F.2d 279, 280 (8th Cir.1986); *Jenson v. Continental Financial Corp.,* 591 F.2d 477, 481 (8th Cir.1979); *In re Knutson,* 563 F.2d 916, 917 (8th Cir.1977). Courts

apply state law to determine whether and to what extent the obligations of the parties to the contract remain unperformed. *In re Bockes Brothers Farms, Inc.*, No. 93–60881, slip op. at 2 (Bankr.N.D.Iowa, Sept.7, 1993); *Speck,* 798 F.2d at 280. The Eighth Circuit clearly indicated that installment contracts for the sale of real estate are considered executory under Iowa law in *Brown v. First Nat'l Bank,* 844 F.2d 580 (8th Cir.1988). *See also Bockes Brothers,* No. 93–60881, slip op. at 1 (noting that it is well settled that ... a real estate contract in Iowa is an executory contract).

 Whether contracts for the sale of personal property are considered executory is unresolved in this District. A majority of courts hold that an agreement is not executory if the seller has turned over possession of the property and the only remaining duty for the seller is to convey title once the buyer completes payments. *In re Johnson,* 501 F.3d 1163, 1174 (10th Cir.2007) (installment contract for the sale of a vehicle is not executory when seller gave possession of the vehicle to buyer and the only remaining obligations were payment and transfer of title); *In re Steffen,* 181 B.R. 981, 985 (Bankr.W.D.Wash.1995) (same); *In re Shada Truck Leasing, Inc.,* 31 B.R. 97, 100 (Bankr.D.Neb.1983) (same); *In re Lewis,* 185 B.R. 66, 68 (Bankr.N.D.Cal.1995) (same); *In re Air Vermont, Inc.,* 47 B.R. 540, 543 (Bankr. D.Vt.1985) (same, regarding aircraft). A few courts have taken the opposite position. *E.g., In re Bencker,* 122 B.R. 506, 512 (Bankr.W.D.Mich.1990) (mobile home sales contract is an executory contract where title had not been transferred to the debtor); *In re Horton,* 15 B.R. 403, 405 (Bankr.E.D.Va.1981) (broadly defining executory contracts as any contract that is not completed). This Court concludes that the majority view is the most convincing

position. Contracts for the sale of personal property are not executory when the only remaining duty is the transfer of title after the debtor has completed payments.

 As Iowa treats land contracts and personal property contracts differently, it is important to decide whether Iowa law categorizes mobile homes as personal property or real property. This Court concludes that, in the present context, Debtor's mobile home is considered personal property under Iowa law. The Iowa Supreme Court applied personal property law to mobile homes in *Ford v. Venard,* 340 N.W.2d 270 (Iowa 1983) (holding that a mobile home is a fixture only if it is affixed to the land, used as realty and the party affixing the mobile home intended to create a permanent fixture). Further, the Iowa Code treats mobile homes in much the same way as vehicles. See, e.g., Iowa Code § 321.50 (perfection of security interests in mobile homes); Iowa Code § 321.24 (registration of mobile homes). Iowa's tax law requires mobile home owners to fulfill certain requirements in order to convert their mobile homes into real property. Iowa Code § 435.26 (conversion of mobile homes to real property). Courts have found that mobile homes are personal property in states with laws similar to those in Iowa. *In re Coleman,* 392 B.R. 767, 772 (8th Cir. BAP 2008) (finding that mobile homes are personal property, citing Mo. Rev.Code § 700.111); *In re Bencker,* 122 B.R. 506, 510 (Bankr.W.D.Mich.1990) (finding that mobile homes in Michigan are considered personal property because Michigan law requires registration of mobile home under motor vehicle statute, citing M.C.L.A. § 125.2330(1)).

### ANALYSIS

 Trustee contends that Burke Construction should turn over proceeds from the sale of the mobile home, asserting the

sale violated § 549. Neither party contests that the mobile home was transferred, that the property was transferred post-petition or that the transfer was unauthorized. The only issue in dispute is whether the mobile home was property of the estate. Burke Construction contends that, because it was listed as the owner on the title, the mobile home was never property of the estate.

While the written documentation evidencing this transaction presents a jumble of conflicting legal principles, the Court concludes that ultimately Burke Construction intended to retain a security interest, not actual ownership of the mobile home. The Purchase Agreement is entitled Bill of Sale and Security Agreement. It also states that Debtor is the Buyer and Burke Construction is the Seller. The Purchase Agreement states that Buyer grants Seller a security interest in and to the property and that in the case of default Seller shall have all rights of a Secured Party. Burke Construction stated in correspondence with Trustee that [Debtor] has sold the mobile home I had a security interest in. Under Iowa law, a secured creditor who is listed as owner merely has a security interest, not actual ownership. Applying this interpretation to the transaction, Burke Construction has failed to establish that the mobile home was not property of the estate.

Burke Construction contends that the transfer cannot be avoided because Trustee failed to assume the contract within sixty days. Trustee, however, only needs to assume contracts that are executory. The mobile home is not considered real property in Iowa and thus the Eighth Circuit's decision in Brown is not applicable. Burke Construction transferred possession of the mobile home to Debtor and no significant obligation remained except for payments by Debtor and the transfer of title by Burke Construction. Thus, the contract was not executory.

■ Alternatively, even if the Purchase Agreement was determined to be an executory contract, Debtor's actions prevented Trustee from assuming the contract. Debtor sold the mobile home within eleven days of filing her Chapter 7 bankruptcy petition. Debtor then paid Burke Construction from the proceeds of the sale, satisfying her obligation to Burke Construction. Trustee could not assume the contract thereafter because Debtor's sale and payoff extinguished the agreement. Debtor's decision to sell the property prevented Trustee from effectively exercising her rights under § 365. As the sale occurred within eleven days of the commencement of the bankruptcy, Trustee could not assume the contract, even if it was executory.

■ Trustee could legally avoid the transfer of the mobile home to the ultimate buyer, Linda Jones, as an unauthorized post-petition transfer pursuant to § 549. However, Ms. Jones was not made a party to this adversary proceeding. Trustee requests, instead, that Burke Construction turn over the proceeds it received from the sale of the mobile home. Burke Construction had a perfected security interest in the mobile home because it was listed as owner on the title. Debtor's interest in the mobile home was subject to Burke Construction's security interest. Having elected this remedy against Burke Construction under § 549, Trustee's interest in the proceeds of the sale of the mobile home is likewise subject to Burke Construction's security interest.

Debtor paid Burke Construction money in excess of its security interest. She paid Burke Construction $10,762.10 although the value of Burke Construction's security interest was $9,912.10. The balance, $850.00, was identified as a commission for

the sale. Trustee can recover $850.00 from Burke Construction as proceeds of an avoidable transfer under § 549.

## CONCLUSION

Debtor's post-petition sale of her mobile home violated § 549. Trustee was not obligated to assume the Purchase Agreement under § 549 because it was not an executory contract and because it was extinguished before Trustee had an opportunity to assume or reject. Trustee may recover the proceeds of the sale subject to Burke Construction's security interest. Burke Construction is required to turn over $850.00.

WHEREFORE, Trustee's Complaint to Avoid Post–Petition Transfer, For Turn Over and For Other Relief is GRANTED IN PART and DENIED IN PART.

FURTHER, the Court orders Defendant Burke Construction Co. to turn over $850 to Plaintiff/Trustee Sheryl L. Schnittjer.

FURTHER, judgment shall enter accordingly.

## ORDER RE: MOTION TO ALTER OR AMEND JUDGMENT

Trustee filed a Motion to Alter or Amend Judgment on April 29, 2009. She seeks to amend the Court's Order to require Burke Construction to turn over $10,762.12 to Trustee. According to Trustee's Motion, the Court erred by recognizing Burke Construction's security interest in Debtor Caroline A. Drahn's mobile home. Trustee asserts Burke Construction failed to satisfy the requirements of 11 U.S.C. § 550(e)(1) or § 549(c) and failed to assert that it had a security interest in the mobile home.

In an Order filed April 29, 2009, this Court ruled that Debtor's post-petition sale of her mobile home violated § 549(a).

*In re Drahn*, No. 08–09103, 2009 WL 1181898, *5 (Bankr.N.D.Iowa Apr. 29, 2009). The Court ordered Burke Construction to return a $850 sales commission it received from Debtor from the proceeds of the sale, but allowed Burke Construction to retain $9,912.10, the value of its security interest. *Id.*

## CONCLUSIONS OF LAW

Trustee filed a motion to alter or amend judgment under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Bankruptcy Procedure 59(e). This Court addressed the relevant law regarding motions to alter or amend judgment in *In re Smith*, No. 05–05398, 2007 WL 2570409, at *1 (Bankr.N.D. Aug. 30, 2007), as follows:

> The limited function of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1495 (N.D.Iowa 1995). Rule 59(e) is not intended to allow parties to introduce new evidence that was subject to discovery prior to trial, tender new theories, or raise arguments which could have been offered or raised prior to judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir.1998). The bankruptcy court has broad discretion in determining whether to grant a motion to alter or amend judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988).

> A motion made pursuant to Rule 59 affords relief only in extraordinary circumstances. But the rule allows the bankruptcy court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *In re Crystalin, L.L.C.*, 293 B.R. 455, 465 (B.A.P. 8th Cir.2003) (citations omitted).

## ANALYSIS

Trustee characterizes the Court's Order as a grant to Burke Construction of a lien on the mobile home (Pl.'s Mot. to Alter or Amend J. at 3). However, the Court did not grant but merely recognized Burke Construction's existing security interest. Prepetition, Debtor owned the mobile home subject to Burke Construction's security interest. The mobile home remained encumbered after Debtor filed her Chapter 7 bankruptcy petition. Therefore, the bankruptcy estate held the mobile home subject to Burke Construction's security interest. The Court's April 29, 2009 Order granted Trustee judgment for the value of the bankruptcy estate's interest in the mobile home.

Trustee asserts that Burke Construction is not entitled to a security interest since it never argued that it held a perfected security interest. Both parties stated in their filings that Burke Construction claimed a security interest. On page 9 of Burke Construction's Answer: Burke Construction Co. admits Paragraph 9 of the [Trustee]'s adversary complaint that it claimed a security interest in the mobile home sold to [Debtor]. Burke Construction asserted that it either owned the mobile home or retained a security interest in the mobile home in the Joint Pre–Trial Statement on page 2 and in its Objection to Plaintiff Trustee's Motion for Summary Judgment and Cross–Motion for Summary Judgment on page 2.

Trustee's Trial Brief includes several references to Burke Construction's security interest. On page 5 of the Brief, Trustee states: Therefore, by retaining the title, Burke retained nothing more than a security interest and The document conveying the mobile home to Debtor is titled a "Bill of Sale and Security Agreement" and specifically endows Burke with the rights of a secured party under Iowa law.

On page 6 of the Brief, Trustee states: Burke sold the mobile home to the Debtor and retained a security interest and nothing more and that is not an executory contract.

The Court highlighted the issue in its Order Re: Summary Judgment (Doc. 28), filed January 21, 2009, on page 3: The Court is also interested in the circumstances surrounding the transaction between Debtor and Burke which Trustee identifies as a sale with a retention of an unperfected security interest ...

Trustee raised the issue of perfection in her Complaint (Pl.'s Br. at 2–3). The Court addressed the issue in its Order when considering the extent of the bankruptcy estate's property rights. It found that retention of title was sufficient to perfect a security interest in a mobile home. Drahn, No. 08–09103, 2009 WL 1181898, *1. Trustee does not contest this legal conclusion in the Motion to Alter or Amend Judgment.

In summary, the Court concludes that Trustee has not established that the Court's Order was legally or factually inaccurate. The Court recognized the existence of Burke Construction's security interest and granted Trustee judgment for the bankruptcy estate's $850 interest in the mobile home.

WHEREFORE, Trustee's Motion to Alter or Amend Judgment is DENIED.